IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-830 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| ALFONSO MCDONALD, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Alfonso McDonald's ("Defendant") Motion to Suppress filed on November 1, 2022, that included a request for an evidentiary hearing ("Defendant's Motion"). (Doc. No. 21.) On November 8, 2022, the United States of America ("the Government") filed a Response in Opposition to Defendant's Motion ("the Government's Opposition"). (Doc. No. 22.) On November 15, 2022, the Defendant filed a Brief in Reply, and reiterated his request for an evidentiary hearing, asserting that the Defendant's Motion and the Government's Opposition "sets [*sic*] forth sufficient issues of credibility" to warrant a hearing ("Defendant's Reply"). (Doc. 23.)

Accordingly, a hearing on Defendant's Motion was conducted on December 2, 2022, and at the conclusion of the hearing, it was agreed that both parties would file supplemental briefs by January 9, 2023. The Government filed its Supplemental Response in Opposition to Defendant's Motion ("the Government's Supplemental Response") and Defendant filed his Post-Hearing Brief ("Defendant's Supplemental Brief") on January 9, 2023. (Doc. No. 27, 28.) After reviewing the parties' supplemental briefing, on January 11, 2023, this Court issued a non-document order that provided in relevant part as follows. "This Court's review of the Defendant's Motion to Suppress

indicates that the second 'ground' raised by Defendant in his Post-Hearing Brief, was not raised by Defendant therein. Accordingly, the Government shall have 7 days from the date of this order to file any response to that portion of Defendant's Post-Hearing Brief asserting this new ground as a basis to suppress the evidence." On January 18, 2023, the Government filed a Second Supplemental Response to Defendant's Motion ("the Government's Second Supplemental Response"). (Doc. No. 29.)

**Procedural and Factual Background**

In the indictment filed on December 2, 2021, Defendant was charged with being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(1). The charge arose from a traffic stop on March 21, 2021, for what Alex Gumucio, a narcotics detective with the Cleveland Division of Police and a task force officer with the FBI ("FBI TFO Det. Gumucio") had determined to be excessive window tint. During the stop, and upon searching Defendant's vehicle, investigators located a firearm and six rounds of ammunition.

In Defendant's Motion, Defendant argued that the investigating officers had no probable cause to conduct a traffic stop, asserting that Defendant has never altered the tint on his vehicle. Defendant requested an evidentiary hearing "to determine the validity of this warrantless search and/or suppress all evidence from this unlawful traffic stop." (Doc. No. 21, PageID # 64.) In the Government's Response, the Government represented that it was "unclear if [Defendant] is alleging a lack of probable cause or an illegal search of his vehicle, or both" and that it would "request to supplement the brief in response should Defendant be permitted by leave of Court to develop the alleged facts that support his Fourth Amendment violation." (Doc. No. 22, PageID # 70.) Further, the Government represented that it did not believe that Defendant had produced a sufficient basis to

require the court to conduct a hearing, and because of the "limited aggrieved facts," the Government could not determine which witnesses would be necessary, nor adequately prepare the witnesses at that time. (*Id.*)

In Defendant's Reply, Defendant asserted that his "traffic stop for alleged tinted windows was a rouse [sic]," and argued that "officers intended to stop and inquire of Mr. McDonald from the moment they saw him engage in hand-to-hand behavior with a person outside an afterhours establishment." (Doc. No. 23, PageID # 76.) Defendant stated his position as follows. "Officers contrived the 'excessive window tint' justification for the stop to withstand judicial scrutiny of the stop. **The justification for the stop is the issue in dispute that warrants an evidentiary hearing**. The Court must determine the credibility of the officers' stated objective justification for stopping [Defendant]. The material fact of why [Defendant] was stopped **is the issue in dispute**." (Emphasis added. *Id.*)

At the hearing held on December 2, 2022, the Government called one witness, specifically FBI TFO Det. Gumucio. After he testified upon direct examination about what had occurred after Defendant stepped out of the car,[1] the following exchange occurred between counsel for the Government and Defendant's counsel.

---

[1] Generally, FBI TFO Det. Gumucio testified that after Defendant stepped out of his vehicle and was hand-cuffed, and while he was questioning Defendant, Detective Donnellan advised that he had found something, to read Defendant his rights, and let Defendant know he was under arrest. According to FBI TFO Det. Gumucio, Detective Donnellan had viewed something illegal in the vehicle as he had opened the driver's side door – per the report, marked as Exhibit A by Defendant at the hearing, suspected narcotics – so FBI TFO Det. Gumucio conducted a pat-down, read Defendant's his rights and found money in Defendant's pocket. FBI TFO Det. Gumucio confirmed that during a search of the vehicle, both narcotics and a pistol were removed from the vehicle. (Tr., pg. 28, ls. 8-25, p. 29, ls. 1-3.)

3

>AUSA GALVIN: And, as my understanding is the basis of the suppression is not the search of the vehicle or any statements made, I'm not going to keep going much further into this area.
>
>Mr. Bryan, is that correct?
>
>ATTORNEY BRYAN: That's correct as it relates to the statements. Obviously, the stop and search are –
>
>AUSA GALVIN: I understand that the allegation would be fruit of the poisonous tree.
>
>AUSA BRYAN: Correct.
>
>AUSA GALVIN: But you're not independently challenging the *Miranda* or statements?
>
>ATTORNEY BRYAN: No, I'm not.

(Transcript, p. 29, ls. 4-16.)[2]

In Defendant's Supplemental Brief, Defendant makes two arguments for the suppression of evidence, to include the firearm and ammunition, which forms the basis of the offense for which he has been charged: 1.) based on the totality of the circumstances as adduced at the hearing, law enforcement lacked credible, probable cause to stop him; and 2.) law enforcement illegally searched his vehicle prior to his invalid arrest. Indeed, in that portion of Defendant's Supplemental Brief

---

[2] In the Government's Second Supplemental Response, and presumably based upon this exchange, it makes the following assertions. "During the hearing the Government specifically requested confirmation that 'the basis of the suppression is not the search of the vehicle or statements made…' to which counsel agreed, that the defense was not alleging independent grounds to suppress the search but as fruit of the poisonous tree stemming from the traffic stop. (R. 25: Supp. Hr'g. Trans., PageID 107). He alleges no surprise in the contents of discovery provided or testimony that would cause him to suddenly make this untimely allegation of a warrantless search unsupported by probable cause now that the Government's case is closed without additional testimony. (R. 28: Def. Suppl.; PageID 195)." (Doc. No. 29, PageID # 202.) Indeed, the Government objected to this additional argument by Defendant and to the fact that Defendant's Supplemental Brief exceeds the five-page limitation. (*Id.*)

4

wherein he argues that law enforcement illegally searched his vehicle, there is a concession that "the search of the vehicle initially was not the focal point of [Defendant's] Motion." (Doc. No. 28, PageID # 200.)  Indeed, it was this concession, and the Court's review of Defendant's Motion, that led the Court to provide the Government with the opportunity to file a Second Supplemental Response.  And, as already noted herein, the Government objects to what it construes as a new argument or alleged basis to suppress the evidence seized from Defendant's vehicle after it was stopped for what FBI TFO Det. Gumucio testified was a traffic violation, specifically excessive tint in violation of Cleveland Municipal Code § 437.28.

Although the Government understandably has construed the exchange between AUSA Galvin and Attorney Bryan, quoted above, to mean that Defendant agreed or confirmed that the basis of the suppression is not the search of the vehicle, a close look at the exchange reveals that Attorney Bryan agreed that he was not challenging the *Miranda* warning or statements.  He was not able to finish his sentence that began with "Obviously, the stop and search are…."

Accordingly, the Court is scheduling a status conference to evaluate reopening the hearing to allow the Government and Defendant to call any additional witness(es) it/he determines to be necessary to testify regarding the search of the vehicle.  It is scheduled for January 25, 2023, at 11:00 a.m. in Courtroom 16A.  One fact at issue in evaluating the reopening of the hearing is whether FBI TFO Det. Gumucio may have discussed his testimony with other law enforcement officers who were present at the scene of the traffic stop, particularly any officer(s) that the Government would call to testify at the reopened hearing.  Therefore, prior to the status conference, AUSA Galvin shall determine what witnesses she would call regarding the search of the vehicle if the hearing were to be reopened, and she shall inquire of FBI TFO Det. Gumucio as to whether he has discussed his

testimony with any of the officers at the scene and anticipated witnesses.  If he has not, AUSA Galvin shall caution him not to discuss his testimony with anyone.  During the status conference, the Court will hear from AUSA Galvin regarding her discussions with FBI TFO Det. Gumucio regarding this issue.  If, after the status conference, the Court determines that the hearing should be reopened, the Court would expect FBI TFO Det. Gumucio to testify to what he advised AUSA Galvin associated with any discussions with other officers post-hearing, and Defendant, through counsel, would be permitted to cross-examine him on this issue.  The scope of the reopened hearing would be limited to the search of the vehicle.

    **IT IS SO ORDERED.**

        _s/Pamela A. Barker_
        PAMELA A. BARKER
Date:  January 23, 2023        U. S. DISTRICT JUDGE